ROBERTSON, Justice,
specially concurring:
I concur in the decision reached that the petition to enroll judgment was properly denied.
*926 The quick-take statute was superimposed by the Legislature on existing eminent domain law. It would be an understatement to say that the patchwork quilt of eminent domain law is not quite clear. However, I think that the intent and purpose of the Legislature, as expressed in its statutes, is quite clear and unambiguous as to the Commission’s responsibility and duty to pay over to the landowner the difference between the 85% deposit and the jury verdict where the jury verdict is larger, and as to the clerk’s and landowner’s responsibility, as the case may be, to pay over to the Highway Commission the difference between the 85% deposit and the jury verdict where the jury verdict is for less than the amount of the deposit.
I think that it was clearly the intent and purpose of the Legislature for all of this to be included in one comprehensive judgment rendered by the trial judge in the special eminent domain court.
In addition to the heavy responsibility resting squarely on the shoulders of the attorneys for the litigants to see that a proper and comprehensive judgment is prepared and presented to the trial judge, a measure of responsibility and duty rests upon the judge himself to see that the judgment which he renders is complete in all respects. After all, every step along the way is reflected in an order of the trial judge and is a matter of record in his court.
Mississippi Code Annotated, section 11-27-27 (1972), provides:
“§ 11-27-27. Transfer of title — procedure.
“Upon the return of the verdict and entry of the judgment, the applicant shall pay to defendants, or to the clerk if defendants absent themselves, the differences between the judgment and deposits previously made, if any; shall pay the costs of court, including the cost of jury service as is otherwise provided by law for the court in which the case is tried. Then, ownership of the property described in the petition shall be vested in petitioner and it may use said property as specified in the petition. If deposits previously made exceed the judgment, then the clerk or defendant to whom disbursement thereof has been made, as the case may be, shall pay such excess to the petitioner.” (Emphasis added).
Mississippi Code Annotated, section 11-27-29 (1972), styled “Appeals” again repeats the intent and purpose of the Legislature with this language:
“If the judgment be in excess of the sum, if any, deposited, and the petitioner, other than the state of Mississippi or any political subdivision thereof, desires an appeal, he shall deposit a sum, or a good and sufficient surety bond with a surety company authorized to do business in the state of Mississippi acceptable to the clerk, equal to double the amount of the judgment, less the amount of the deposit, if any, which shall be held exclusively to secure all damages assessed against petitioner. In any case where the deposit exceeds the compensation to be paid the defendants as determined by the final judgment, the excess shall be returned to the petitioner.” (Emphasis added).
In view of the fact that the special court of eminent domain had concluded the matter for which it was convened and a final judgment entered on February 8, 1974, the court of course had gone out of existence and could not consider and act upon a petition filed almost a year later on January 27, 1975.
It seems to me that the proper procedure now would be for the Commission to make demand upon the landowner that he pay the difference, between the deposit and the jury verdict, to the Highway Commission, as is clearly required under the provisions of Mississippi Code Annotated, sections 11— 27-27 and 11-27-29 (1972), and section 11-27-87 (1976 Supp.). If the landowner fails or refuses to promptly pay the difference to the Commission, then, according to my way of thinking, the Commission is clearly entitled to recover the difference in a separate suit brought against the landowner or landowners, as the case may be.
PATTERSON, P. J., joins in this opinion.